OPINION
{¶ 1} Petitioner-appellant, Terence Dickens, appeals the denial of his petition for a writ of habeas corpus.
 {¶ 2} In 2002, Dickens pled guilty to seven fourth-degree felony drug trafficking charges in Hamilton County and was placed on community control for three years. Dickens subsequently violated his community control sanctions, had his community control revoked, and was sentenced to ten years in prison. On direct appeal, the Hamilton County Court of Appeals remanded the matter for resentencing because the trial court failed to inform Dickens at his original sentencing hearing how much jail time he faced should he violate community control sanctions. State v.Dickens (July 16, 2003), Hamilton App. No. C-020498 (accelerated calendar judgment entry).
 {¶ 3} On remand, the trial court continued Dickens' community control for five years and informed Dickens that he faced a ten-year prison term for a repeat violation of his community control sanctions. Dickens violated his community control sanctions a second time and was subsequently sentenced to ten years in prison. The sentence was affirmed on direct appeal. SeeState v. Dickens (Oct. 26, 2005), Hamilton App. Nos. C-040768 and C-040774 (accelerated calendar judgment entry).[1]
 {¶ 4} Dickens petitioned for a writ of habeas corpus, claiming he was entitled to immediate release because the trial court lacked subject matter jurisdiction to impose a prison term. Appellee moved for judgment under Civ.R. 12(B)(6), and the trial court granted the motion upon finding that Dickens' petition failed to state a claim upon which relief could be granted.
 {¶ 5} On appeal, Dickens presents the following two assignments of error which we will consider together:
 {¶ 6} First Assignment of Error:
 {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE APPELLEE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER CIVIL RULE 12(B)(6)."
 {¶ 8} Second Assignment of Error:
 {¶ 9} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLANT WAS NOT ENTITLED TO HABEAS CORPUS RELIEF."
 {¶ 10} Appellate review of a judgment granting a motion to dismiss a complaint is de novo. Hunt v. Marksmen Prods. (1995),101 Ohio App.3d 760, 762, appeal not allowed, 73 Ohio St.3d 1427. In order to grant a Civ.R. 12(B)(6) motion to dismiss, "it must appear beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v.Univ. Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus.
 {¶ 11} Dickens claims that the trial court lacked subject matter jurisdiction to impose a prison term as part of its sentence after it failed to advise Dickens at his initial sentencing hearing of the potential prison term that could be imposed for violating community control sanctions.
 {¶ 12} In State v. Brooks, 103 Ohio St.3d 134,2004-Ohio-4746, paragraph two of the syllabus, the supreme court held that a sentencing court must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for violating a community control sanction as a prerequisite to imposing a prison term on the offender for a subsequent violation. The supreme court later held that the notification required under Brooks could be given at a later or subsequent sentencing hearing. State v. Fraley,105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 17. The offender must be notified at the subsequent sentencing hearing of the specific prison term that may be imposed for an additional community control violation as a prerequisite to imposing a prison term on the offender for a subsequent violation of community control sanctions. Id. at syllabus.
 {¶ 13} A review of Dickens' petition shows that he was sentenced by a court of competent jurisdiction, and that when later sentenced to an increased community control sanction following his first violation, he was advised that a subsequent violation would result in the imposition of a ten-year prison term. In addition, Dickens has pursued an adequate remedy at law by way of direct appeal of his sentence.
 {¶ 14} Sentencing errors are not jurisdictional and are not cognizable in habeas corpus. State ex rel. Massie v. Rogers,77 Ohio St.3d 449, 1997-Ohio-258. Moreover, habeas corpus may not be used when adequate remedies at law are available by means of an appeal or postconviction relief. See Thomas v. Huffman,84 Ohio St.3d 266, 1998-Ohio-540.
 {¶ 15} We conclude that the complaint does not state a claim upon which relief can be granted in habeas corpus. Consequently, the lower court was correct in granting appellee's Civ.R. 12(B)(6) motion and dismissing Dickens' petition.
 {¶ 16} The assignments of error are overruled.
 {¶ 17} Judgment affirmed.
Powell, P.J. and Bressler, J., concur.
[1] The Ohio Supreme Court reversed appellant's ten-year prison sentence on the basis of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, and remanded the matter to the Hamilton County trial court for resentencing. See In re Ohio Criminal SentencingStatues Cases, 109 Ohio St.3d 313, 2006-Ohio-2109, ¶ 227.