OPINION
{¶ 1} Defendants-appellants, Greg and Marcia Bell, appeal a decision of the Madison County Court of Common Pleas granting judgment in favor of plaintiff-appellee, the Madison County Board of Commissioners, in an action involving appropriation of real estate.[1] We affirm. *Page 2 
 {¶ 2} Appellants live in the Choctaw Lake Subdivision, north of London, Ohio. This subdivision consists of about 880 homes and surrounds the state-owned Choctaw Lake. Under direction from the Ohio Environmental Protection Agency, appellee resolved to build a centralized wastewater collection and treatment system to handle all of the sewage needs for the subdivision. To successfully connect each property to the new sewer system, appellee needed to obtain a construction easement from each property owner. Once the construction of the sewer system was complete, these easements would convert to maintenance easements. Because the expenses of the project, including easement acquisition costs, were ultimately to be borne by the property owners, the value of the easements was determined to be $1.
 {¶ 3} Public meetings were held to discuss issues related to the project, including the easements. Appellant Greg Bell attended one of these meetings. A generic easement was prepared and sent to all of the subdivision property owners. On December 2, 2002, appellee passed a resolution authorizing Madison County Prosecutor Stephen Pronai to file appropriation cases against the 50 property owners (including appellants) who had not signed the easement.
 {¶ 4} On February 3, 2003, appellee filed a complaint against appellants which (1) sought to appropriate appellants' property for a construction easement to later be converted to a maintenance easement; (2) sought to appropriate a fee simple interest in appellants' property; (3) alleged disagreement with appellants as to the amount of compensation to be paid to them; and (4) valued the property to be appropriated at $1. In lieu of an answer, appellants defended by filing several motions and moving for admissions, production of documents, and interrogatories.
 {¶ 5} On October 20, 2003, appellants filed an answer, a class action counterclaim, and a third-party complaint against third-party defendant, Prosecutor Pronai. That same day, *Page 3 
appellants also moved for summary judgment. A week later, on the same day the trial court granted appellee 14 days to respond to appellants' summary judgment motion, appellants filed an amended answer, an amended class action counterclaim, an amended third-party complaint, a counterclaim, and a complaint for declaratory judgment and injunctive relief, which essentially extended appellants' various claims to other third parties.
 {¶ 6} Numerous other pleadings by all of the parties involved followed. Most of those pleadings are clearly set forth in the trial court's decisions of July 29, 2004 and October 27, 2004, which the trial court incorporated by reference as though fully set out in its July 6, 2005 decision. It is undisputed that what started as a rather uncomplicated appropriation action by appellee to obtain a temporary construction easement and a permanent maintenance easement on appellants' property turned into a complex "procedural morass" (according to appellee) or "procedural swamp" (according to appellants).
 {¶ 7} Over the course of the proceedings, the trial court overruled most of appellants' motions. In addition, appellants' motion for appointment of a special prosecutor, original action for prohibition against the trial court, and affidavit of disqualification against the trial judge were all denied or dismissed. As relevant to this appeal, the trial court held a necessity hearing under R.C. Chapter 163, allowed appellee to amend its complaint to abandon the fee simple interest demand, granted summary judgment in favor of appellee, and granted the motions for dismissal or summary judgment of the third-party defendants.
 {¶ 8} On July 11, 2005, a jury found that appellee was entitled to an easement on appellants' property, but found that appellants were not entitled to any compensation for the easement. By judgment entry filed on August 29, 2005, the trial court granted judgment in favor of appellee. This appeal follows in which appellants raise 13 assignments of error.
 {¶ 9} We note that the trial court's numerous, well-reasoned decisions rendered throughout the course of this litigation suitably addressed the majority of the arguments raised *Page 4 
by appellants on appeal. Where appropriate, we shall adopt those portions of the trial court decisions disposing of the issues raised in appellants' assignments of error.
 {¶ 10} Assignment of Error No. 1:
 {¶ 11} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANTS [SIC] BY ENTERING INTO AN A PRIORI, EX PARTE AGREEMENT WITH THE MADISON COUNTY PROSECUTOR TO DELAY SUBSTANTIVE ACTION FOR SIX MONTHS AFTER THE COMPLAINT WAS FILED."
 {¶ 12} Appellants allege that the trial court and Prosecutor Pronai entered into an ex parte agreement to delay the litigation for six months subsequent to the filing of the complaint. In support, appellants cite the trial court's July 29, 2004 decision, in which the court stated:
 {¶ 13} "Prosecutor Pronai immediately began systematically to negotiate with landowners in an attempt to secure easements. A decision was made to review the cases at 6 months, consider the status of pending cases and begin trial assignments to be integrated into the trial docket."
 {¶ 14} According to appellants, this constitutes an admission that the prosecution and the court entered into an ex parte agreement to delay the case, in violation of both the Code of Judicial Conduct and the Code of Professional Responsibility.
 {¶ 15} Initially, we note that the Ohio Supreme Court has exclusive jurisdiction to determine violations of attorney disciplinary rules. See Section 2(B)(1)(g), Article IV, Ohio Constitution. See, also, FredSiegel Co. v. Arter Hadden, 85 Ohio St.3d 171, 178, 1999- Ohio-260. All grievances involving alleged misconduct by attorneys and judges are to be brought and disposed of in accordance with the provisions of Rule 5 of the Supreme Court Rules for the Government of the Bar of Ohio. Gov.Bar R. 5(2)(A). Thus, the proper method by which to raise such allegations is by a grievance filed before the Board of Commissioners on Grievances and Discipline of the Supreme Court, not by a brief filed before this appeals *Page 5 
court. See, generally, Gov.Bar R. 5.
 {¶ 16} Even were the issue properly before this court, nothing in the July 29, 2004 trial court decision states that the court and Prosecutor Pronai engaged in an ex parte communication regarding how the case was to proceed. Appellants simply made an assumption that is not supported by the record. Further, in light of the large number of appropriation cases filed by the prosecutor, we find no prejudicial error in the trial court's decision to review the cases at six months or in the delay to the case.
 {¶ 17} Appellants' first assignment of error is overruled.
 {¶ 18} Assignment of Error No. 2:
 {¶ 19} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANTS [SIC] IN FAILING TO ORDER THE COMPULSORY JOINDER OF APPELLANTS' MORTGAGEE OR DISMISS THE ACTION, AFTER APPELLEE NEGLECTED TO NAME — OR SHOW GOOD CAUSE FOR NOT NAMING — SAID MORTGAGEE."
 {¶ 20} Appellants claim that the trial court erred in failing to join their mortgagee. According to appellants, such failure prejudiced them because it subjected them to the risk of incurring double, multiple, or otherwise inconsistent obligations.
 {¶ 21} Civ.R. 19(A)(2)(b) provides that a person shall be joined if "he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may * * * leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest[.]" Subsection (A)(3) provides that a person shall be joined as a party in the action where "he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee."
 {¶ 22} Appellants claim that their mortgagee was a necessary party under Civ.R. 19 because a mortgagee is an "owner" for purposes of eminent domain proceedings. Citing *Page 6 
certain provisions of the Revised Code which refer to property "owners" in appropriation proceedings,[2] appellants maintain that it was appellee's duty, as the complainant, to ensure proper joinder of all necessary parties.
 {¶ 23} Dismissal of an action for failure to join a party is disfavored. State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 81. Instead, courts prefer to order that the party be joined if feasible, or that the complaint be amended to include the party. Id.
 {¶ 24} Regarding property ownership, the meaning of the word "owner" varies and largely depends on the context in which it is used.Baltimore O.R. Co. v. Walker (1888), 45 Ohio St. 577, 585. In one context the word may refer only to the holder of the freehold estate, but in another context the word may include holders of lesser estates. See id. Here, the parties cite two antiquated cases from the same court which appear to conflict on the issue of whether a mortgagee is an "owner" for purposes of an appropriation action. Compare Harrison v.Sabina (1885), 1 Ohio CD. 30 with Put-in-Bay v. Stimmel (1896), 7 Ohio CD. 380.
 {¶ 25} We need not resolve this issue. In the present matter, appellants were not prejudiced by the failure to join their mortgagee. The jury did not award damages and, consequently, there was nothing to compensate said mortgagee. Such circumstances do not warrant the harsh result of dismissing the complaint where appellants suffered no prejudice.
 {¶ 26} Appellants' second assignment of error is overruled.
 {¶ 27} Assignment of Error No. 3: *Page 7 
 {¶ 28} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANTS [SIC] IN SUMMARILY GRANTING APPELLEE'S MOTION TO QUASH THE SUBPOENA OF A WITNESS, EX PARTE."
 {¶ 29} Appellants argue that the trial court improperly quashed the subpoena summoning Prosecutor Pronai for deposition, granting the motion to quash ex parte in violation of the Code of Judicial Conduct. Appellants also dispute the trial court's conclusion that appellants had no right of discovery against Prosecutor Pronai.
 {¶ 30} As stated, this court is not the proper forum in which to raise alleged violations of the Code of Judicial Conduct. Instead, we shall review the trial court's granting of appellee's motion to quash the subpoena for an abuse of discretion. See, e.g., Carver v. DeerfieldTwp. (2000), 139 Ohio App.3d 64, 77. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 31} Civ.R. 45 governs the issuance, modification, and quashing of subpoenas. Subsection (C)(3)(b) provides that, on timely motion, a court shall quash or modify a subpoena if it "[r]equires disclosure of privileged or otherwise protected matter and no exception or waiver applies[.]" Discovery against appellee's attorney would undoubtedly have violated the attorney-client privilege regarding communications between Prosecutor Pronai and appellee. See R.C. 2317.02(A); Carver at 76. Therefore, we find no abuse of discretion in the trial court order quashing the subpoena.
 {¶ 32} Appellants' third assignment of error is overruled.
 {¶ 33} Assignment of Error No. 4:
 {¶ 34} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANTS [SIC] IN DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT." *Page 8 
 {¶ 35} Appellants maintain that they were entitled to summary judgment based upon appellee's alleged failure to negotiate with them regarding the taking. Appellants deny that this statutory precondition was met, thus warranting judgment as a matter of law in their favor.
 {¶ 36} We review a trial court's decision on a summary judgment motion de novo. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296. Summary judgment is proper where there are no genuine issues of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in that party's favor. Civ.R. 56(C). See, also, Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. The moving party bears the initial burden of informing the court of the basis for the motion, and demonstrating the absence of a genuine issue of material fact. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. If the moving party meets its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Id.
 {¶ 37} The failure to agree between the acquiring agency and the property owner regarding the taking is a statutory condition precedent to filing an appropriation action. See R.C. 163.04 and 163.05. In paragraph six of its complaint, appellee averred that "Plaintiff have endeavored to agree with Defendant on the parcel of property to be purchased and the amount of compensation to be paid and are unable to agree with the owners." However, appellants argue that there was no disagreement regarding the property sought and compensation therefor because no negotiations ever took place. Following the filing of the complaint, appellant Greg Bell filed an affidavit stating that he was never contacted by appellee regarding the acquisition of his property or compensation for any easement being sought. Appellants' initial and amended answers restated this contention.
 {¶ 38} Appellants further support their argument by asserting that appellee did not timely respond to their request for admissions, and therefore the requests were deemed *Page 9 
admitted. One of these admissions referred to appellee's failure to negotiate. If deemed admitted, appellee would have conceded that it did not meet the statutory prerequisite of failure to agree before filing this appropriation action.
 {¶ 39} Rather than compelling what it viewed as an erroneous and inequitable result, the trial court invoked its discretion to allow amendments to appellee's admissions. In its July 29, 2004 decision, the trial court noted that appellee's response to the request was delayed when appellants subpoenaed Prosecutor Pronai, appellee's counsel at the time, for oral deposition. Thus began appellants' attempt to disqualify Prosecutor Pronai, who was forced to defend himself rather than complete discovery in a timely manner. The trial court concluded that "any duty to complete discovery while defending a notice for deposition tolled the running of time in which to respond to the request for admissions and complete other discovery." The court extended the time to respond to appellants' request for admissions, and appellee completed discovery within the time ordered.
 {¶ 40} We find no abuse in the trial court's exercise of discretion in permitting a deadline extension for appellee's response to the request for admissions. The confusing circumstances and resultant delay were engendered by appellants' own filings against appellee's counsel.
 {¶ 41} Moving on, we adopt the trial court's well-reasoned analysis of the negotiation issue set forth in its July 29, 2004 decision. The trial court specifically addressed what manner of negotiation was required to meet the statutory prerequisite of inability to agree. The court determined that "it is the attempt to establish negotiations that must be bona fide and made in good faith, not the offer made in the negotiations themselves." (Emphasis sic.) See In re Appropriation byOhio Turnpike Commn. (1953), 98 Ohio App. 151, 158; Cincinnati v. HomeFed. S. L. (C.P. 1967), 10 Ohio Misc. 291, 297-98. With this premise in mind, the court examined the facts of the case: *Page 10 
 {¶ 42} "Here, it is significant that the Commissioners were dealing with 880 owners, and it would not have been practicable for them to have contacted each individual personally and discussed the need for easements. Instead they held public meetings where the homeowners could have their questions answered and their grievances heard. Also, the Commissioners mailed out an `easement document' to the homeowners. * * * In the record there is evidence that Greg A. Bell attended one of these `open house' meetings. It is reasonable to infer that the valuation of the easements was discussed at the meeting. Greg Bell has never denied that he attended the meeting. * * * Also, it is reasonable to infer that the Bells received an `easement document.' " (Citations omitted.)
 {¶ 43} Inferring that appellants were informed of the easement sought and the $1 valuation, appellants' inability to agree is evidenced by their aggressive opposition to the appropriation. Based upon the evidence, we agree with the trial court that there was a sufficient attempt at negotiation, and that the parties were unable to agree.
 {¶ 44} We conclude that appellee met its reciprocal burden to set forth specific facts demonstrating the existence of a genuine issue for trial. Appellants' fourth assignment of error is overruled.
 {¶ 45} Assignment of Error No. 5:
 {¶ 46} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANTS [SIC] IN DENYING APPELLANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE."
 {¶ 47} Appellants cite appellee's alleged failure to timely respond to discovery as grounds for dismissal of the complaint for failure to prosecute. Appellants argue that such inaction by appellee constitutes an abandonment of the taking.
 {¶ 48} Typically, a trial court's decisions on discovery matters are reversed only if an abuse of discretion is shown. Hatfield v.Hatfield (Mar. 18, 1996), Ross App. No. 95CA2112, *Page 11 1996 WL 131166, at *3, citing Toney v. Berkemer (1983),6 Ohio St.3d 455. This standard is heightened, however, when reviewing decisions that entirely foreclose a review on the merits:
 {¶ 49} "[Although reviewing courts espouse an ordinary `abuse of discretion' standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits." Sazima v. Chalko,86 Ohio St.3d 151, 158, 1999-Ohio-92, citing Jones v. Hartranft,78 Ohio St.3d 368, 372, 1997-Ohio-203.
 {¶ 50} Civ.R. 41(B)(1) permits a court to dismiss an action when a plaintiff fails to prosecute or fails to comply with the Civil Rules or any court order. Such dismissal should not be hastily granted, as the Ohio Supreme Court explained:
 {¶ 51} "In considering dismissal under Civ.R. 41(B)(1), a trial court may properly take into account the entire history of the litigation * * * [.] [Dismissal is reserved for those cases in which `the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.' Absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice. It is `a basic tenet of Ohio jurisprudence that cases should be decided on their merits.' " Sazima, 86 Ohio St.3d at 158. (Citations omitted.)
 {¶ 52} We incorporate the trial court's January 15, 2004 decision which denied appellants' motion to dismiss the complaint for failure to prosecute. The court noted that although appellee did not timely respond to appellants' discovery requests of March 10, 2003, appellee did timely respond to the court's order compelling discovery.
 {¶ 53} Taking into account the history of the litigation and appellants' involvement in causing the delay in the case, we conclude that the trial court did not abuse its discretion in denying appellants' motion to dismiss for failure to prosecute. Appellants' fifth assignment of *Page 12 
error is overruled.
 {¶ 54} Assignment of Error No. 6:
 {¶ 55} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANTS [SIC] IN DENYING APPELLANTS' MOTION TO DISMISS FOR FAILURE TO HOLD THE HEARING MANDATED UNDER R.C. § 163.09(B)."
 {¶ 56} Appellants insist that the trial court failed to timely convene a R.C. 163.09(B) hearing in response to appellants' R.C. 163.08
challenges, thus mandating dismissal of the action.
 {¶ 57} R.C. 163.09(B) mandates a hearing where a property owner, in its answer to an appropriation petition, raises R.C. 163.08 challenges. The hearing is to be held within 15 days of the filing of the answer. See R.C. 163.09(B). Such challenges include the acquiring agency's right to make the appropriation, the inability of the parties to agree, and the necessity for the appropriation. R.C. 163.08. In their original and amended answers, appellants raised all three of these challenges.
 {¶ 58} An appellate court reviews motions to dismiss a complaint de novo. State ex rel. Dickens v. Moore, Warren App. No. CA2006-03-035,2006-Ohio-5503, ¶ 10. However, we observe that the trial court soundly disposed of this issue. In its July 29, 2004 decision, the trial court determined that appellants were not improperly deprived of a timely R.C.163.09(B) hearing. The court's rationale was that an owner or agency may waive the right to a hearing by pursuing discovery. In support of its determination, the court referred to Ohio River Pipe Line, LLC v.Henley (2001), 144 Ohio App.3d 703. In that case, the Fifth District Court of Appeals held that a party waives its right to a timely necessity hearing by instead proceeding with discovery. Id. at 706.
 {¶ 59} Similarly, after raising R.C. 163.08 challenges, appellants proceeded with lengthy discovery, motions for dismissal, summary judgment, disqualification, and prohibition, *Page 13 
and (according to the trial court) "other vexatious and frivolous filings." Such actions effectively frustrated a timely hearing on these challenges, and constituted a wavier of appellants' right to an immediate R.C. 163.09(B) hearing.
 {¶ 60} We find no prejudicial error in the trial court's denial of appellants' motion to dismiss the complaint for failure to timely hold a R.C. 163.09(B) hearing. Appellants' sixth assignment of error is overruled.
 {¶ 61} Assignment of Error No. 7:
 {¶ 62} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANTS [SIC] IN DENYING WITHOUT HEARING APPELLANTS['] MOTION TO APPOINT A SPECIAL PROSECUTOR TO CONSIDER TAMPERING WITH DOCUMENTS RELATED TO THE ACTION."
 {¶ 63} Appellants complain that Prosecutor Pronai and Engineer Brand circulated easements which failed to comply with statutory requirements. After the easements were circulated and signed by the Choctaw Lake Subdivision property owners, Madison County Recorder Chuck Reed noticed that the "preparer" of the easements had not been filled in on the documents. Recorder Reed notified Pronai and Brand of the omission. Pronai and Brand added the Madison County Engineer as preparer, and the easements were recorded thereafter. Appellants insist that this constituted tampering with public records and that a special prosecutor should have been appointed to investigate.
 {¶ 64} Relevant to appellants' argument, R.C. 317.111 provides:
 {¶ 65} "No instrument by which the title to real estate * * * is conveyed * * * shall be received for record or filing by the county recorder unless the name of the person who, and governmental agency, if any, which, prepared such instrument appears at the conclusion of such instrument and such name is either printed, typewritten, stamped, or signed in a legible manner. An instrument is in compliance with this section if it contains a statement in the *Page 14 
following form: `This instrument was prepared by (name).' "
 {¶ 66} The trial court noted that appellants failed to include a representative easement in their filings for the court's review. Even so, the court found no basis for ordering a special prosecutor to investigate the alleged fraud. We adopt the trial court's well-reasoned analysis of this issue as stated in its July 29, 2004 decision:
 {¶ 67} "The Court finds that all easements obtained by Engineer Brand and Prosecutor Pronai that had been executed in conformity with law were legal conveyances whether they included identification of the preparer or not. The allegation by [appellants] that Recorder Reed notified Pronai and Brand of the R.C. 317.111 deficiencies[,] who [in turn] took corrective action[,] is of no legal significance. The conveyances were complete upon appropriate execution. * * * The remedial conduct of Recorder Reed, Prosecutor Pronai and Engineer Brand simply made otherwise enforceable easements recordable."
 {¶ 68} The court determined that such remedial conduct did not constitute tampering with evidence or records. We agree, and conclude that appellants suffered no prejudice as a result of the remedial conduct. See Bown Sons v. Honabarger (1960), 171 Ohio St. 247, 249-50. Although the easements may have initially contained a technical recording defect, this defect was corrected and the easements were thereafter properly recordable. See id.
 {¶ 69} The trial court did not abuse its discretion in denying appellants' motion to appoint a special prosecutor. Appellants' seventh assignment of error is overruled.
 {¶ 70} Assignment of Error No. 8:
 {¶ 71} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANTS [SIC] IN GRANTING THIRD-PARTY DEFENDANT MID-OHIO PIPELINE COMPANY, INC. RELIEF FROM JUDGMENT."
 {¶ 72} Mid-Ohio Pipeline Company ("Mid-Ohio") was a contractor hired by appellee to install underground sewer lines and pumps for the Choctaw Lake sewer project. Appellants *Page 15 
asserted third-party claims against Mid-Ohio in their amended answer to appellee's complaint.
 {¶ 73} Appellants argue that Mid-Ohio should not have been granted relief from judgment in light of its alleged bad faith failure to respond to numerous pleadings over a seven month period. The inexcusable neglect of Mid-Ohio's statutory agent, contend appellants, should be imputed to Mid-Ohio itself.
 {¶ 74} Default judgment is proper where a party against whom relief is sought fails to plead or otherwise respond. Civ.R. 55(A). Once default judgment is awarded, the offending party may seek relief from judgment by moving the court under Civ.R. 60. This court reviews a trial court decision granting relief from judgment for an abuse of discretion.Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
 {¶ 75} A review of the record reveals that Mid-Ohio was properly granted relief from judgment. "The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds." State ex rel. Lindenschmidt v. ButlerCty. Bd. of Commrs., 72 Ohio St.3d 464, 466, 1995-Ohio-49. Gene Yates, Mid-Ohio's statutory agent, was diagnosed with cancer during the pendency of these proceedings. Yates underwent a series of medical and surgical treatments. He admitted to receiving the pleadings but failing to forward them to Mid-Ohio's company officer. Considering these substantial extenuating circumstances, such excusable neglect warrants relief from judgment.
 {¶ 76} We conclude that the trial court decision granting Mid-Ohio relief from judgment was not an abuse of discretion. Appellants' eighth assignment of error is overruled.
 {¶ 77} Assignment of Error No. 9:
 {¶ 78} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANTS [SIC] BY GRANTING APPELLEE LEAVE TO SUBSTANTIVELY AMEND AN *Page 16 
EMINENT DOMAIN PETITION IN BAD FAITH."
 {¶ 79} Appellants challenge the trial court's decision granting leave for appellee to amend its complaint. The original complaint sought a fee simple interest in the property, and was amended to seek only an easement. Appellants maintain that appellee delayed the amendment in bad faith.
 {¶ 80} R.C. 163.12(C) permits a trial court to amend any defect or informality in appropriation proceedings. In addition, Civ.R. 15(A) contemplates that leave to amend a complaint "shall be freely given when justice so requires." This court will not disturb a trial court's decision to allow a party to amend its complaint absent an abuse of discretion. Wilmington Steel Products, Inc. v. Cleveland Elec. Illum.Co. (1991), 60 Ohio St.3d 120, 122.
 {¶ 81} The trial court had broad discretion to grant appellee leave to amend its petition. Wray v. Tatersall (Sept. 18, 1998), Lucas App. No. L-98-1030, 1998 WL 636797, at *7. Moreover, appellants were not prejudiced by the amendment. See id. Appellants were on notice of the appropriation claim. Although the original complaint purported to seek a fee simple interest in appellants' property, the resolution adopted by appellee to proceed with the sewer project authorized the appropriation of an easement only.
 {¶ 82} We find no prejudicial error in the trial court's decision granting appellee leave to amend its complaint. Appellants' ninth assignment of error is overruled.
 {¶ 83} Assignment of Error No. 10:
 {¶ 84} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANTS [SIC] IN OVERRULING THEIR MOTION TO STRIKE AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AS TO THE AMENDED COMPLAINT."
 {¶ 85} Appellants aver that appellee's amended complaint failed to accurately and particularly state the interest which appellee sought, in violation of R.C. 163.05(D), thus warranting dismissal. Appellants also contend that appellee had no authority to destroy *Page 17 
appellants' on-site sewage system.
 {¶ 86} As stated, this court conducts a de novo review of a trial court decision on a motion to dismiss. Moore, 2006-Ohio-5503 at ¶ 10. In addition, the decision whether to grant or deny a motion to strike is governed by the abuse of discretion standard of review. Ohio Farm Bur.Fedn. v. Amos, Ashland App. No. 05 COA 031, 2006-Ohio-1512, ¶ 41.
 {¶ 87} R.C. 163.05 establishes the requirements for an appropriation petition. Subsection (D) provides that the petition shall contain "[a] statement of the estate or interest sought to be appropriated[.]" The interest sought to be appropriated must be "readily identifiable" in the complaint. In Trimble Twp. Waste Water Treatment Dist., v. Cominsky
(Apr. 12, 1993), Athens App. No. CA 1535, 1993 WL 112562, the Fourth District Court of Appeals addressed a landowner's argument that a petition was invalid because it did not contain a metes and bounds description of the easement sought by plaintiff. In rejecting this argument, the appeals court explained the requirements of R.C. 163.05:
 {¶ 88} "R.C. 163.05 requires only a `ready identification of the land involved' and in the appropriation of interests less than a fee, a description of the nature of the improvement or use which requires the appropriation in `sufficient detail to permit a determination of the nature, extent, and effect of the taking and improvement.' R.C. 163.05
does not expressly require a metes and bounds description. Appellee's petition indicated the nature of the easement, i.e., a sewage and waste water treatment line, its approximate width, and its general location."Cominsky at *3.
 {¶ 89} Appellants' argument seeks to impose a heightened pleading requirement not contemplated by R.C. 163.05. The statute does not mandate that the appropriation petition be pled specifically, only that the requirements in the statute are met. Indeed, R.C. 163.05(D), upon which appellants rely, contains no such specificity language regarding the statement of the estate or interest sought. *Page 18 
 {¶ 90} Paragraph four of appellee's amended complaint stated that appellee sought to appropriate the construction/maintenance easement described in paragraph three of the complaint. Paragraph three provided the following:
 {¶ 91} "The purpose of said appropriation is for a construction easement over the entire property until such time as the wastewater facilities on [appellants' parcel] are [completed] * * *; and then a maintenance and repair easement of approximately ten (10) feet width; five (5) feet on each property over the installed wastewater facilities including grinder pump stations, pressure sewer service line and electrical facilities on [appellants' parcel]"
 {¶ 92} This constitutes a readily identifiable description of the interest in appellants' property sought to be appropriated by appellee. See Cominsky at *3. Such description provided notice of the size and purpose of the easement. See id.
 {¶ 93} Moreover, we find no merit in appellants' argument that appellee lacked authority to destroy appellants' on-site sewage treatment system. The resolution adopted by appellee to proceed with the sewer project conformed with R.C. 6117.51, which provides, in pertinent part, as follows:
 {¶ 94} "If the board of health of the health district within which a new public sewer construction project is proposed or located passes a resolution stating that the reason for the project is to reduce or eliminate an existing health problem or a hazard of water pollution,the board of county commissioners of the county, by resolution, mayorder the owner of any premises located in a sewer district in thecounty * * * to connect the premises to the sewer * * * and to cease thedischarge of the sewage or other waste into a * * * private sewer * ** if the board finds that the sewer is available for use and is accessible to the premises following a determination and certification to the board by a registered professional engineer designated by it as to the availability and accessibility of the sewer." (Emphasis added.) *Page 19 
 {¶ 95} This statute embodies the recognized policy against private, on-site sanitation systems. See, e.g., De Moise v. Dowell (1984),10 Ohio St.3d 92, 95-96. Such private sewer systems inherently pose a greater danger to the public health than centralized sewer systems and, consequently, should be replaced when possible. Id. See, also,Sullivan v. Hamilton Cty. Bd. of Health, 155 Ohio App.3d 609,2003-Ohio-6916, ¶ 33.
 {¶ 96} We conclude that the trial court did not err in overruling appellants' motion to strike and motion to dismiss for failure to state a claim. Appellants' tenth assignment of error is overruled.
 {¶ 97} Assignment of Error No. 11:
 {¶ 98} "THE TRIAL COURT ERRED AS A MATTER OF LAW TO THE PREJUDICE OF DEFENDANT-APPELLANTS [SIC] BY CONVENING AN EMINENT DOMAIN VALUATION TRIAL WITHOUT FIRST HEARING DEFENSES PROPERLY RAISED PURSUANT TO R.C. § 163.08."
 {¶ 99} Appellants argue that their second amended answer properly raised R.C. 163.08 challenges, which the trial court failed to review prior to holding the valuation trial.
 {¶ 100} The trial court duly considered appellants' R.C. 163.08
challenges at the R.C. 163.09(B) hearing. We find no abuse in the trial court's refusal to revisit appellants' R.C. 163.08 arguments. Appellants' 11th assignment of error is overruled.
 {¶ 101} Assignment of Error No. 12:
 {¶ 102} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANTS [SIC] IN GRANTING THIRD-PARTY DEFENDANT URS DEFAULT JUDGMENT[3] ON ALL CLAIMS."
 {¶ 103} URS Corporation ("URS") was a private firm hired by appellee to perform *Page 20 
engineering services for the Choctaw Lake sewer project. Appellants asserted third-party claims against URS in their second amended answer to appellee's complaint. Appellants contend that they adequately defended against URS' motion to dismiss their claims by asserting theories under which they might prevail against URS, including agency and conspiracy.
 {¶ 104} As stated, we review the trial court's decision on a motion to dismiss de novo. Moore, 2006-Ohio-5503 at ¶ 10. A Civ.R. 12(B)(6) dismissal motion tests the sufficiency of a complaint. State ex rel.Hanson v. Guernsey Cty. Bd. of Commrs., 65 Ohio St.3d 545, 548,1992-Ohio-73. If it appears beyond doubt that a plaintiff can prove no set of facts that would support a cause of action against the defendant, the claims must be dismissed. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192.
 {¶ 105} In granting URS' motion to dismiss the complaint for failure to state a claim, the trial court held in its July 6, 2005 decision:
 {¶ 106} "It appears beyond doubt that defendants can prove no set of facts entitling them to recover against URS. Defendants fail to allege, nor could they, that UPS [sic] appropriated their property; URS did not act as a government official under 42 U.S.C. § 1983 or § 1985; defendants allege no duty [URS owed] to them and failed to allege elements of tortious interference by URS against them."
 {¶ 107} This conclusion is supported by the record. The claims brought by appellants against URS are contingent upon URS being an appropriating agency. The sole appropriating agency in this case is appellee, the Madison County Board of Commissioners. URS, an engineering design firm, is neither a government entity nor an appropriating agency. Appellee's actions related to this lawsuit and the appropriation cannot be imputed to URS. Therefore, there is no legal basis upon which appellants may recover from URS.
 {¶ 108} The trial court did not err in awarding URS' motion to dismiss the complaint. *Page 21 
Appellants' 12th assignment of error is overruled.
 {¶ 109} Assignment of Error No. 13:
 {¶ 110} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANTS [SIC] IN GRANTING APPELLEE AND NUMEROUS THIRD-PARTY DEFENDANTS SUMMARY JUDGMENTS AS TO THE COUNTERCLAIMS AND THIRD-PARTY CLAIMS."
 {¶ 111} Appellants maintain that it was improper to grant summary judgment to appellee and the third-party defendants prior to the trial court affording appellants a hearing on the R.C. 163.08 challenges raised in their second amended answer. For the reasons set forth in our discussion of appellants' eleventh assignment of error, we find no abuse in the trial court's refusal to re-examine appellants' R.C. 163.08
challenges.
 {¶ 112} Appellants also argue that summary judgment was prematurely granted because appellants were not permitted sufficient time to conduct discovery against the third-party defendants. This argument is without merit. The record is replete with a multitude of broadly-based discovery requests issued by appellants. Appellants failed to demonstrate that they were in need of further discovery in order to oppose summary judgment.
 {¶ 113} Although this court conducts a de novo review of a trial court's summary judgment decision, we find that the trial court thoroughly discussed the propriety of summary judgment in favor of appellee. We adopt the following portion of the trial court's July 6, 2005 decision:
 {¶ 114} "Plaintiff Madison County Board of Commissioners move for summary judgment on defendants' counterclaim. The Court notes that the uncontroverted facts were set forth in the [July 29, 2004 and October 27, 2004] decisions outlined above. Each claim that defendants reasserted in their Amended Counterclaim has heretofore been disposed of. The previous decisions of this Court represent the law-of-the-case; on that basis alone, plaintiffs *Page 22 
are entitled to summary judgment. The Court finds as a matter of law that plaintiff complied with the petition requirements of R.C. 163.04
and 163.05; defendants can not bring a private action for damages for violation of R.C. 163.01 et seq.; defendants' sole remedy for an eminent domain take is just compensation[4] * * *; as a matter of law, defendants' 42 U.S.C. § 1983 [claim] fails because no fundamental right is involved and defendants fail to demonstrate an unconstitutional policy, practice or procedure engaged in a conspiracy for the purpose of depriving them [of] equal protection, privileges or immunities, or an overt act in furtherance thereof to their detriment — they have failed to establish a 42 U.S.C. § 1985 claim; plaintiff, a political subdivision, engaged in the governmental function of eminent domain and is therefore entitled [to] tort immunity pursuant to R.C. 2744.01 et seq.; defendants failed to state a claim of fraud and failed to produce facts in support thereof; the Court thoroughly analyzed defamation claims against Bradley Couch and the underlying rationale applies to such claims against Prosecutor Pronai for which he and plaintiff are entitled to judgment as a matter of law; defendants failed to set forth material facts that establish abuse of process, malicious prosecution, tortious interference with a contract, negligence or violation of Article 1, § 19 of the Ohio Constitution. There is no genuine issue of material fact with regard to any of these claims; plaintiff is entitled to judgment as a matter of law on each claim set forth."
 {¶ 115} We also find no fault in the trial court's award of summary judgment to the third-party defendants. None of those parties were appropriating agencies, and the facts did not support appellants' claims against them. We adopt and incorporate those portions of the trial court's July 6, 2005 decision granting summary judgment to Mid-Ohio, Prosecutor Pronai, the Madison County Prosecutor's Office, the Madison County Engineer's Office, and the Madison County-London City Health District. *Page 23 
 {¶ 116} Because the trial court properly awarded summary judgment to appellee and the third-party defendants after those parties satisfied their respective burdens of proof regarding the absence of any genuine issues of material fact, appellants' 13th assignment of error is overruled.
 {¶ 117} To the extent appellants have raised other issues on appeal, we have considered them and find them to be without merit. The judgment of the trial court is affirmed.
WALSH, P.J., and BRESSLER, J., concur.
[1] The following third-party defendants have not filed a brief or otherwise appeared in this appeal: Mid-Ohio Pipeline Company, Inc.; URS Corporation; the Madison County Engineer's Office; the Madison County-London City Health District; Madison County Prosecutor Stephen Pronai; and the Madison County Prosecutor's Office.
[2] Appellants cite the following Ohio Revised Code provisions in support of their argument: R.C. 163.05(E) mandates that an appropriation petition "contain * * * [t]he names and addresses of the owners, so far as they can be ascertained[.]" R.C. 163.01(C) defines "owner" in the context of appropriation actions to include "any individual, partnership, association, or corporation having any estate, title, or interest in any real property sought to be appropriated." R.C. 163.07
provides that notice of an appropriation petition shall be served upon all property owners.
[3] Although appellants' assignment of error is worded in terms of default judgment, URS moved for and was granted dismissal based upon appellants' failure to state a claim under Civ.R. 12(B)(6).
[4] Compensation for the taking was determined to be $0 following the July 11, 2005 trial. *Page 1