OPINION
{¶ 1} Plaintiffs-appellants, Ralph and Terry Roberts, Roberts Development Corporation, RLR Investments, and Roby Roberts ("appellants"), appeal a decision of the Clinton County Court of Common Pleas dismissing their complaints against defendants-appellees, *Page 2 
the Clinton County Auditor ("the auditor") and the Clinton County Board of Tax Revisions ("the BOR"), due to lack of jurisdiction. For the reasons outlined below, we reverse the decision of the trial court and remand.
 {¶ 2} This case concerns the tax valuation of a number of parcels of real property located in Clinton County, Ohio (collectively, "the properties").[1] The properties include two large mansions, several small office buildings, an airplane hangar, and several vacant commercial tracts. Each of the above-named appellants owns at least one of the properties. In early 2006, appellants received notice from the auditor that the taxable value of the properties had increased for tax year 2005. Disputing the reasonableness of the increased valuations, appellants filed complaints with the auditor in March 2006.
 {¶ 3} In May 2006, the Wilmington City School District Board of Education ("the BOE") filed complaints in support of the auditor's valuations. The BOR conducted joint hearings on the complaints filed by appellants and the BOE. Appellants contend that they were unaware of the BOE's status as a party to the case throughout the proceedings. In July 2006, the BOR issued a decision largely upholding the auditor's determinations. Thereafter, appellants timely appealed the BOR decision to the common pleas court.
 {¶ 4} In December 2006, appellees moved to dismiss appellants' appeal before the common pleas court due to lack of jurisdiction because appellants failed to list the BOE as a party in the notice of appeal and failed to serve a copy of the notice of appeal on the BOE. Appellants insist that appellees' motion to dismiss was their first notice that the BOE had filed complaints regarding the valuation of appellants' properties. Appellants moved to remand the matter to the BOR for a new hearing or, in the alternative, for leave to amend the notice of appeal to include the BOE as an appellee. The common pleas court concluded that it *Page 3 
lacked jurisdiction over the matter and granted appellees' motion to dismiss. Appellants timely appeal, raising two assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION TO DISMISS."
 {¶ 7} Assignment of Error No. 2:
 {¶ 8} "THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION TO REMAND THIS CASE TO THE BOR FOR A NEW HEARING FOLLOWING STATUTORY NOTICE PURSUANT TO R.C. 5715.19(C)."
 {¶ 9} Appellants challenge the common pleas court's dismissal of their complaints as improper. We review a motion to dismiss a complaint de novo. Madison Cty. Bd. of Commrs. v. Bell, Madison App. No. CA2005-09-036, 2007-Ohio-1373, ¶ 58. The common pleas court granted appellees' motion to dismiss on the basis that it lacked jurisdiction over the matter because appellants failed to name the BOE as an appellee in their appeal from the BOR decision and failed to serve a copy of the notice of appeal on the BOE, as required by R.C. 5717.05. In pertinent part, this provision of the Revised Code provides:
 {¶ 10} "As an alternative to the appeal provided for in section5717.01 of the Revised Code [governing appeals to the Board of Tax Appeals], an appeal from the decision of a county board of revision may be taken directly to the court of common pleas[.] * * * The county auditor and all parties to the proceeding before the board * * * shallbe made appellees, and notice of the appeal shall be served upon them by certified mail unless waived." (Emphasis added.)
 {¶ 11} Appellants concede that they failed to list the BOE in their notice of appeal and failed to serve the BOE with a copy of the notice of appeal. Nonetheless, they argue that the common pleas court erred in granting appellees' motion to dismiss because this omission *Page 4 
was attributable to appellees. Appellants maintain that appellees failed to fulfill their statutory duties to notify appellants of the BOE complaints and, as a result, appellants did not know to include the BOE as a party to the appeal. Appellants assert the common pleas court's conclusion that it lacked jurisdiction to consider appellants' appeal, due to the omission of the BOE as a party, was unjust because they never received the requisite statutory notice that the BOE was a party to the action.
 {¶ 12} R.C. 5715.19 sets forth the requirements for filing complaints against determ inations of value by the county auditor for property tax purposes. The statute provides that "a complaint against any of the following determinations for the current tax year shall be filed with the county auditor on or before the thirty-first day of March of the ensuing tax year * * *." R.C. 5715.19(A)(1).
 {¶ 13} R.C. 5715.19(B) details the auditor's notification duties when a complaint is filed under subsection (A)(1):
 {¶ 14} "Within thirty days after the last date such complaints [under subsection (A)(1)] may be filed, the auditor shall give notice of eachcomplaint in which the stated amount of overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination is at least seventeen thousand five hundred dollars to each propertyowner whose property is the subject of the complaint, if the complaint was not filed by the owner or the owner's spouse, and to each board ofeducation whose school district may be affected by the complaint." (Emphasis added.)
 {¶ 15} Pursuant to this language, the auditor is statutorily obligated to notify the property owner and the board of education of the filing of a tax assessment complaint under subsection (A)(1). R.C. 5715.19(B) goes on to explain how a board of education may then become engaged in the dispute:
 {¶ 16} "Within thirty days after receiving such notice [of the filing of a complaint under *Page 5 
subsection (A)(1)], a board of education * * * may file a complaint in support of or objecting to the amount of alleged overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination stated in a previously filed complaint or objecting to the current valuation. Upon the filing of a complaint under this division, the board of education * * * shall be made a party to the action."
 {¶ 17} Appellants emphasize the fact that they did not receive notice from the auditor when the BOE filed its complaints. They insist that their failure to include the BOE in their notice of appeal was attributable to the fact that the auditor failed to notify them of the BOE complaints. Contrary to appellants' assertions, however, R.C.5715.19(B) does not create such an obligation.
 {¶ 18} A careful reading of the statute reveals that once an original complaint is filed under subsection (A)(1),[2] the auditor is then bound to notify the property owner and the local board of education of the filing of the original complaint. At that time, if the property owner did not file the original complaint, it may file its own complaint and become a party to the action. See R.C. 5715.19(B). Likewise, the board of education may file a complaint at that time and become a party to the action. See id. However, the language of the statute does not obligate the auditor to notify the property owner if the board of education decides to file its own complaint in support of or objecting to the valuation. Chesterland Prods., PLL v. Wayne Cty. Bd. ofRevision, Wayne App. No. 05CA00032, 2006-Ohio-71, ¶ 14-15. The phrase "the auditor shall give notice of each complaint [to each property owner]" in R.C. 5715.19(B) refers back to all complaints filed under R.C. 5715.19(A)(1). The phrase does not modify the latter portion of 5715.19(B) authorizing the board of education to file its own complaint. Therefore, the auditor's notification duties do not extend to informing a property owner if a *Page 6 
board of education chooses to file a complaint in response to the original complaint. Appellants' argument attributing their deficient notice of appeal to the auditor is thus without merit.
 {¶ 19} Appellants also contend that the BOR breached its statutory duty to notify them of the BOE complaints and the details for the hearings on the BOE complaints. R.C. 5715.19(C) governs the BOR's notification duties when a complaint is filed by someone other than the property owner:
 {¶ 20} "Each board of revision shall notify any complainant and also the property owner, if the property owner's address is known, when a complaint is filed by one other than the property owner, by certified mail, not less than ten days prior to the hearing, of the time and place the same will be heard."
 {¶ 21} A close reading of the language of R.C. 5715.19(C) does not support the conclusion that the BOR is required to inform a property owner immediately upon the filing of a complaint by someone other than the property owner regarding his property. Rather, once the hearing on such a complaint is set, the BOR is statutorily obligated to inform the property owner by certified mail, at least ten days in advance of the hearing, of the time and place for the hearing on such a complaint. Effectively, when the BOR complies with these notice obligations, a property owner should thereby be informed that a complaint was filed by someone other than himself concerning the tax valuation of his property.
 {¶ 22} The record does not indicate that the BOR provided notice to appellants regarding the time and place of the hearings on the BOE complaints. In May 2006, the BOR initially sent separate notices for each of appellants' respective properties to the appellant who was the owner of that particular property. Each of these separate notices informed the appellant/owner of the date and time of the hearing, the case number assigned to that particular property, and that the subject of the hearing was that appellant/owner's complaint. *Page 7 
These notices were sent to appellants before the BOE filed its complaints.
 {¶ 23} The amended notices were sent out in June 2006 after the BOE had filed its complaints. These notices stated that "the following board of revision complaints" would be heard on a certain date, followed by a list of the previously assigned case numbers for appellants' properties. The amended notices did not inform appellants in any way that the hearings were intended to cover both appellants' complaints and the BOE complaints. They did not contain case numbers for the BOE complaints, or inform appellants of the time and place for the hearings on the BOE complaints. The fact that the time and place for the hearings on appellants' complaints coincided with the time and place for the hearings on the BOE's complaints did not excuse the BOR from informing appellants that the hearings were to cover the BOE complaints.
 {¶ 24} We find that the amended notices employed by the BOR were insufficient to satisfy the BOR's statutory notice obligations to appellants. The BOE complaints were complaints filed by someone other than appellants regarding appellants' properties. Pursuant to R.C.5715.19(C), the BOR was obligated to notify appellants of the details on the hearings covering the BOE complaints. Merely sending out a general notice on the hearings was insufficient to satisfy the BOR's statutory duties. For this court to sanction such general notices would be to deprive property owners of the procedural safeguards afforded to them in the legislature's enactment of R.C. Chapter 5715. See Columbus Apts.Assoc. v. Franklin Cty. Bd. of Revision (1981), 67 Ohio St.2d 85, 88.
 {¶ 25} We hold that when a complaint is filed by someone other than the property owner concerning the tax valuation of his property, R.C.5715.19(C) requires a proper notice from the BOR to not only provide the property owner with the hearing details but also to identify the party who filed the complaint that is the subject of the hearing. If, as in the present matter, the hearing is intended to cover a complaint filed by the property owner and a *Page 8 
complaint filed by one other than the property owner, the BOR must notify the property owner of each party's complaint that will be heard at the hearing. This interpretation of the BOR's notice obligations under R.C. 5715.19(C) aligns with accepted notions of due process by providing property owners with notice when a BOR hearing contemplates complaints filed by one other than the property owner. It also accords with the accepted principle that statutes must be construed to have a just and reasonable result. R.C. 1.47(C).
 {¶ 26} We conclude that the common pleas court erred in dismissing appellants' complaints. The BOR's deficient notice failed to inform appellants of the time and place of the hearings on the BOE complaints. If the BOR had fulfilled its statutory notice obligations, appellants would have been on notice that the BOE was participating in the cases as a party and needed to be included in appellants' notice of appeal of the BOR decisions to the common pleas court. The common pleas court is ordered to permit appellants to amend their notice of appeal to include the BOE as a party.
 {¶ 27} Appellants' first assignment of error is sustained. Appellant's second assignment of error is sustained as to the motion for leave to amend the notice of appeal to include the BOE as a party and overruled as to the motion to remand to the BOR.
 {¶ 28} Judgment reversed and remanded.
 YOUNG, P.J. and BRESSLER, J., concur. *Page 9 
[1] Eight separate cases, all arising out of the same set of facts and involving the same parties, were sua sponte consolidated for purposes of this appeal.
[2] And so long as the original complaint states an overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination of at least $17,500, as stated in R.C.5715.19(B). *Page 1